**Charles W. WRIGHT, Jr., et al., Plaintiffs,**

v.

**ALABAMA ARMY NATIONAL GUARD, a Public Agency, et al., Defendants.**

**Civ. A. No. 77–31–N.**

United States District Court,
M. D. Alabama, N. D.

July 7, 1977.

Frank W. Riggs, Montgomery, Ala., for plaintiffs.

Kenneth E. Vines, Asst. U. S. Atty., Montgomery, Ala., for defendants.

### ORDER

VARNER, District Judge.

This cause is now submitted on the United States' motion to dismiss or, in the alternative, for summary judgment filed herein June 6, 1977. The motion is submitted on the pleadings and accompanying briefs and will be considered as a motion to dismiss.

Plaintiffs, civilian technicians of the Alabama Army National Guard, seek to recover from the Defendants unpaid overtime compensation since the passage of Public Law 93–259 in 1974. Plaintiffs allege that the Alabama Army National Guard is an employer within the meaning of 29 U.S.C. § 203, as amended, and, therefore, that Plaintiffs are entitled to overtime payments for the hours worked in excess of 40 hours per work week pursuant to the Fair Labor Standards Act (hereinafter referred to as FLSA), 29 U.S.C. § 207.

Defendants contend that 32 U.S.C. § 709 governs employment, use and status of civilian technicians employed by the Alabama Army National Guard and that said statute is not nullified by the FLSA.

In 1968 the National Guard Technicians Act of 1968, Public Law 90–486, was passed by Congress, which provided that National Guard technicians shall be granted compensatory time off for irregular or overtime work and shall not be compensated for such work. The controlling language in Title 32, U.S.C. § 709(g)(2), is as follows:

"Notwithstanding sections 5544(a) and 6102 of Title 5, United States Code, or any other provision of law, the Secretary concerned may, for technicians other than those described in clause (1)[1] of this subsection, prescribe the hours of duty for technicians. *Notwithstanding* sections 5542 and 5543 of title 5, United States Code, or *any other provision of law, such technicians* shall be *granted* an amount of *compensatory time off* from their scheduled tour of duty equal to the amount of any time spent by them in irregular or overtime work, and shall not be entitled to compensation for such work." (emphasis added)

In 1974 Congress enacted Public Law 93–259, which amended 29 U.S.C. § 203(e) so as to include in the coverage of the wage and hour law civilians employed in the military departments. The pertinent language of Title 29, § 203(e), reads as follows:

"(e)(1) Except as provided in paragraphs (2) and (3), the term 'employee' means any individual employed by an employer.

---

1. Clause (1) refers to those technicians assigned to perform operational duties at air defense sites. None of the Plaintiffs in the instant case fall into that category.

"(2) In the case of an individual employed by a public agency, such term means—

"(A) any individual employed by the Government of the United States—
"(i) as a civilian in the military departments (as defined in section 102 of Title 5)."

At first blush, all individuals employed by the Government of the United States as civilians in the Army National Guard would appear to fall under the provisions of Title 29, § 207, requiring employers to pay said employees at the rate of time and one-half for the hours worked in excess of 40 hours per work week.

The issue in the instant case is whether Title 32, U.S.C. § 709(g)(2), is nullified by Public Law 93–259 passed in 1974 amending Title 29, U.S.C. § 203(e). The National Guard Technicians Act of 1968 affirmatively provides that such technicians are granted compensatory time off in lieu of overtime pay. The legislative history of this act explains the position of Congress with respect to the manner of compensation applicable to National Guard technicians.

"The bill provides that the Secretary concerned may prescribe the hours of duty for all technicians (other than those employed at air defense sites where separate authority will apply) and directs the Secretary to grant compensatory time off to a technician from a regularly scheduled tour of duty in an amount equal to the amount of time spent in irregular or overtime work in lieu of being paid for that work. This authority will continue the existing practice regarding hours of work and compensatory time off. It is the firm view of the committee that the irregular hours of work to which technicians are subjected on frequent occasions make it impractical, both from the standpoint of the Government and the individual, to be limited to the normal provisions regarding a straight 40-hour week with overtime or differential pay for additional hours of work. The frequent irregular hours are inherent in the technician job and position." 1968 U.S.Code Cong. & Admin.News, p. 3331.

The FLSA and Public Law 93–259 of 1974 amending said act are of general application. The legislative history of Public Act 93–259 as regards federal employees provides as follows:

"Coverage of Federal employees is extended by the bill to most employees including wage board employees, non-appropriated fund employees, employees in the Canal Zone who are engaged in employment of the kind described in sections 5102(c)(7) of title 5, U.S.C., and any other civilian employees working for the armed services. Excluded from coverage are military personnel. Basically, the committee did not intend to extend coverage to those persons for whom the tangible benefits of government employment are of secondary significance, for example Peace Corps and VISTA volunteers. By the same token, the committee intends to cover all employees (except professional, executive, and administrative personnel who are exempted under section 13 of the law) in all civilian branches of the Federal Government.

"The Secretary of Labor in 1973, reflected the Civil Service Commission's view when he recommended against bringing Federal employees under the coverage of the Fair Labor Standards Act. The Commission's position was that Federal employees are already covered by special pay provisions in title 5, United States Code, and that enactment of this legislation would confuse the administration of these provisions and could raise jurisdictional problems of administration.

"The committee resolved this matter by including Federal employees within the coverage of the Act and charging the Civil Service Commission with responsibility for administration of the Act so far as Federal employees (other than employees of the Postal Service, the Postal Rate Commission or the Library of Congress) are concerned. It is the intent of the committee that the Commission will administer the provisions of the law in such a manner as to assure consistency with

the meaning, scope, and application established by the rulings, regulations, interpretations, and opinions of the Secretary of Labor which are applicable in other sectors of the economy. The provisions of the bill would leave the premium pay provisions of title 5, United States Code, in effect to the extent that they are not inconsistent with the Fair Labor Standards Act." 1974 U.S.Code Cong. & Admin.News, p. 2837.

One of the purposes of Public Act 93–259 was to extend overtime coverage of the FLSA to federal employees; however, Congress charged the Civil Service Commission with administering the act to the extent it affects federal employees. The Civil Service Commission has construed the law to mean that National Guard civilian technicians such as Plaintiffs are subject to the minimum wage provisions of FLSA; however, because of the very specific language in § 709(g)(2), the Commission has excluded such technicians from the overtime pay provisions of FLSA as amended by Public Law 93–259 in 1974. Federal Personnel Manual Letter No. 551–4, Civil Service Commission, dated October 31, 1974, states:

"We have determined that the effect of that language [Title 32, § 709(g)(2)] is unaltered by the FLSA. It means that National Guard Technicians, other than those assigned to perform operational duties at air defense sites, are excluded from the overtime provisions of the FLSA. (A copy of the opinion [by the General Counsel of the Civil Service Commission] upon which this determination is based appears as attachment No. 2)."

The opinion by the General Counsel of the Civil Service Commission was based *inter alia* on the following:

"While we view National Guard technicians as being subject to the minimum wage provisions of the Act, we do not believe, however, that they are subject to the overtime pay provisions. We interpret the specific statutory language 'notwithstanding sections 5542 and 5543 of title 5, United States Code, *or any other provision of law*' contained in the Nation-

al Guard Technicians Act of 1968 as having the effect of excluding technicians from the overtime pay provisions of the FLSA. It is a general rule of statutory construction that where there is a conflict between a specific statute and a general statute, the specific statute will prevail: * * *.

"The overtime pay provisions for the technicians are limited in application and specific in the detail for payment, whereas the FLSA applies to Federal employees generally. For this reason, we do not view the overtime pay provisions of the FLSA as repealing the specific provision on overtime pay that is contained in the National Guard Technicians Act of 1968. Had Congress specifically repealed or had the legislative history indicated a Congressional intent that the restriction on overtime pay for National Guard technicians be no longer valid, we would, of course take a different position. We can find no such stated intention on the part of Congress.

"Our view is buttressed by the fact that we find nothing in the Fair Labor Standards Act that makes it any more practical to pay technicians under this Act for 'the irregular hours of work to which technicians are subjected on frequent occasions.' Since this factor was the one set out in the Congressional Committee reports as the basis for the special provision for payments of overtime to technicians, and since this factor has not changed, we believe that this is further evidence that Congress would want to be specifically aware of a change in this provision and would want to make such a change by a specific reference thereto. "We would also point out that Congress was aware of the difficulties that would arise upon enactment of the Fair Labor Standards Act Amendments of 1974 and the problem of resolving conflicts between other laws, and therefore gave the Civil Service Commission the authority to resolve such conflicts. * * *."

Congress charged the Civil Service Commission with administering the provisions

of FLSA insofar as federal employees are concerned. The Civil Service Commission has determined that National Guard civilian technicians are excluded from the overtime pay provision of FLSA as amended by Public Act 93–259. The United States Supreme Court has held that "when faced with a problem of statutory construction this Court shows great deference to the interpretation given the statute by the officers or agency charged with its administration." *Udall v. Tallman,* 380 U.S. 1, 16, 85 S.Ct. 792, 801, 13 L.Ed.2d 616 (1965).

The Commission's construction is in accordance with recognized principles of law. Title 32, § 709(g)(2) of the National Guard Technicians Act is a specific provision applying to a very specific situation. The FLSA as amended by Public Act 93–259 is of general application. Generally where there is no clear statutory expression, specific statutes will not be nullified by a general one regardless of the priority of enactment. *Morton v. Mancari,* 417 U.S. 535, 94 S.Ct. 2474, 41 L.Ed.2d 290 (1974). This Court is in agreement with the opinion of the Civil Service Commission and finds that Alabama Army National Guard technicians are excluded from the overtime pay provisions of FLSA. There is, therefore, no genuine issue of fact or law made by the pleadings, and the movant is entitled to a judgment of dismissal. Accordingly, it is

ORDERED, ADJUDGED and DECREED by this Court that the United States' motion to dismiss be, and the same is hereby, granted, and the above-styled cause is hereby dismissed with costs taxed against the Plaintiffs, for which execution may issue.